JOHN J. LACE, JR., Assignee *vs.* CLARENCE A. SMITH *et al.*

JUNE 25, 1913.

PRESENT:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Equity.   Fraudulent Conveyances.*

An assignee in insolvency may maintain a bill in equity to set aside a conveyance of real estate and an assignment of a deposit, as made in fraud of creditors and as preferential, and to have complainant decreed to be the owner

of such property as assets of the estate of the insolvent and to compel the respondents to make proper transfers of such property to him, the jurisdiction of courts of law and equity being concurrent in cases of fraud.

*(2) Equity. Fraudulent Conveyances.*

A bill in equity by an assignee in insolvency setting out that certain transfers of the insolvent were made in fraud of creditors and as preferential, and that respondent at the time knew or had reasonable cause to believe his grantor to be insolvent and to be acting in contemplation of insolvency and that the transfers were made with intent to hinder delay and defraud his creditors and also with intent to prefer him as a creditor states a case of fraud.

*(3) Insolvency Act. Clerical Error.*

In a notice to creditors under the State Insolvency Statute, of a meeting to elect an assignee in insolvency the fact that the register was referred to as the referee was a clerical error and one incapable of misleading anyone, the purpose of the meeting being plain, and did not affect the election of the assignee.

*(4) Equity. Fraud.*

Upon a bill in equity to avoid certain conveyances as in fraud of creditors and as preferential, evidence considered and held, to sustain the allegations of the bill.

BILL IN EQUITY to set side certain transfers as in fraud of creditors. Heard on appeal of respondents and appeal dismissed.

VINCENT, J. This is a bill in equity brought by John J. Lace, Jr., as assignee in insolvency of Clarence A. Smith, against said Clarence A. Smith, Marquis D. L. Mowry, and the Industrial Trust Company for the purpose of setting aside certain transfers and conveyances made by Smith to Mowry and alleged to be in fraud of creditors. The allegations of complainant's bill are, substantially, as follows: That on January 21, 1910, a petition was filed in the Superior Court of Providence county by a creditor of said Clarence A. Smith praying that said Smith be adjudged insolvent, and that on April 20, 1910, said Smith was duly adjudged insolvent by said court; that on June 3, 1910, the complainant was duly appointed assignee in insolvency of said Smith; that on the same day he duly qualified as such assignee, and that he has ever since been, and now is, acting as such as-

signee; that prior to his adjudication in insolvency, to wit, on September 30, 1909, said Smith was the owner of certain real estate (described in the bill) of the value of, to wit, $4,000 and that on September 29, 1909, said Smith had certain moneys on deposit with the said Industrial Trust Company of the value of, to wit, $300; that on September 30, 1909, said Smith, being then insolvent, and acting in contemplation of insolvency, transferred and conveyed said real estate to said Marquis D. L. Mowry and on September 29, 1909, assigned and transferred said moneys, on deposit with said Industrial Trust Company, to said Mowry; that said transfers, conveyances, and assignments were made by said Smith with the intended purpose on his part to hinder, delay, and defraud his creditors, and with the further intended purpose on his part to prefer said Mowry, an alleged creditor; that said Mowry, at the time of taking and receiving said transfers, etc., knew, or had reasonable cause to believe, that said Smith was insolvent, and was acting in contemplation of insolvency, and was making said transfers, etc., with the intents aforesaid; that said property so transferred is not exempt from execution; that the complainant has caused written demand to be made upon the said Industrial Trust Company for the payment to him of said moneys, and a further demand upon said Smith and said Mowry for the conveyance to him, as assignee as aforesaid, of said real estate and said moneys, and that the respondents have neglected and refused, and still neglect and refuse, to comply with said demands; and that the complainant is informed and believes that said Mowry intends to get control of said moneys by virtue of the said assignment thereof to him by said Smith.

The prayers of the bill are substantially as follows: That said transfers, conveyances, and assignments be decreed to be invalid and void with respect to the complainant; that the complainant be decreed the owner of said real estate and said moneys, as assets of the estate of said insolvent; that the respondents be prohibited from exercising any acts of control

over said property; that the respondents Smith and Mowry be ordered to make to the complainant proper transfers of said real estate and of said moneys; that an account be taken of the rents and profits which the respondents have received from said property and that they be ordered to pay over such rents and profits to this complainant; and that the respondents Smith and Mowry be charged for their joint and several use and occupation of said land, and that an account be taken of the sum or sums of money in which they, or either of them, are chargeable therefor.

The averments of the answer of Clarence A. Smith are substantially as follows: It is admitted that said Smith was adjudged an involuntary insolvent on April 20, 1910; it is neither admitted nor denied that the complainant was appointed assignee of said Smith and that he qualified, and has since acted, as such assignee; it is admitted that said Smith was, on September 30, 1909, the owner of certain real estate, but the correctness of the description of the same is neither admitted not denied, and the value set upon the same is denied; it is neither admitted nor denied that said Smith, on September 29, 1909, had certain moneys on deposit in the Industrial Trust Company; it is denied that said Smith, being insolvent, and acting in contemplation of insolvency, transferred said property to said Mowry and that said transfers were made with the intent to delay and defraud his creditors and to prefer an alleged creditor, said Mowry, and that said Mowry at the time of receiving said transfers knew, or had reasonable cause to believe, that said Smith was insolvent and acting in contemplation of insolvency, and was making said transfers with the intent aforesaid, and that the property so transferred is not exempt from execution; and it is neither admitted nor denied that the alleged demands were made, and that said Mowry intends to get control of said moneys by virtue of said assignment thereof to him by said Smith.

The averments of the answer of Marquis D. L. Mowry are substantially as follows: It is neither admitted nor

denied that said Smith was adjudged an involuntary insolvent on April 20, 1910; it is denied that the complainant was ever duly and legally appointed assignee in insolvency of said Smith; it is admitted that said Smith made to said Mowry the alleged transfers of said real estate and of said moneys, but it is averred that said transfers were made in consideration of legal services performed by said Mowry for said Smith, and it is denied that said Mowry, in receiving said transfers, acted in any such collusion as is alleged in the bill; it is averred that part of said real estate is exempt from execution; it is denied that the complainant ever had any authority to make the alleged demands; and it is admitted that said Mowry has attempted, by legal process, to get control of said moneys on deposit in the said Industrial Trust Company.

The averments of the answer of the Industrial Trust Company are substantially as follows: It is admitted that on September 29, 1909, said Smith had certain moneys on deposit with the said Industrial Trust Company, and it is averred that the exact amount thereof on that day was $337.98; it is admitted that the complainant has caused written demand to be made upon the said Industrial Trust Company for said moneys, and that the said company has neglected and refused, and still neglects and refuses, to comply with said demand; and it is admitted that said Mowry intends to get control of said moneys deposited with the said company. All the other allegations of the bill of complaint are neither admitted nor denied.

The complainant filed a general replication to each answer. The case was tried in the Superior Court on bill, answers, replications, and proof; a decision was rendered for the complainant and a final decree was entered, as follows: "This cause came on to be tried in said Court October 2, 1912, upon the bill, answers, replications and issues of fact, and testimony was adduced in behalf of the complainant and in behalf of the respondents, and said cause was argued by counsel, and thereupon, upon consideration thereof, it

is ordered, adjudged and decreed, that said assignment of moneys deposited with said Industrial Trust Company, bearing date September 29th, A. D. 1909, made by said respondent, Clarence A. Smith, to said respondent, Marquis D. L. Mowry, and that said deeds of certain real estate situated in Johnston in said county, and described in the bill of complaint, bearing date September 30th, A. D. 1909, made by said respondent, Smith, to said respondent, Mowry, are invalid; that the complainant is entitled to said deposit of money and to said real estate as assets of the estate of said Clarence A. Smith, an insolvent; that said Marquis D. L. Mowry be ordered and directed, and he is hereby ordered and directed to forthwith make in writing his assignment of said deposit, with the accumulated interest thereon, to the complainant, and to deliver the same, and the bank book containing an entry of said deposit, to the complainant; that said Marquis D. L. Mowry be ordered and directed, and he is hereby ordered and directed, to forthwith make his deed or deeds conveying all his right, title and interest in said real estate to the complainant (excepting the burial ground located upon said real estate), and to deliver the same to the complainant; that said respondents, Marquis D. L. Mowry and Clarence A. Smith, and each of them, be, and they hereby are, perpetually enjoined from further prosecuting in this court and in any other court of this State, said action at law against the respondent, said Industrial Trust Company, mentioned in the answers of said Industrial Trust Company and of said Mowry in this cause, which said action is now pending in this court, and is entitled *Clarence A. Smith, Trustee, appellant, vs. Industrial Trust Company,* and is numbered 26,749 on the docket of said court; and that the complainant recover from the said respondents, Clarence A. Smith and Marquis D. L. Mowry, his costs to be taxed by the Clerk."

From this decree the respondents Mowry and Smith appealed, the reasons of appeal being as follows:

"1. That said decree is against the evidence and the weight thereof.

"2. That said decree is against the law, and null and void.

"3. That said decree is against the right of the respondents as disclosed in pleadings and proof.

"4. That said Lace, pretended assignee, was never legally appointed assignee.

"5. There is no allegation of intentional fraud alleged in complainant's bill, and intention is a fact which ought to be averred and proved, and the circumstances pleaded do not in themselves amount to fraud.

"6. That the pretended assignee has an adequate remedy at law to set aside the conveyances if fraudulent or a cloud on his pretended title of the real estate mentioned and described in his bill and try title to the same and recover possession thereof in an action of trespass and ejectment and not by bill in equity.

"7. That his bill does not allege that said pretended assignee was in possession of the estate described in his bill or any part thereof at the time of bringing his bill or ever was in possession of the said estate or any part thereof. Equity will not lie to remove a cloud on title to real estate unless the complainant is in possession thereof.

"8. That his bill does not allege, aver or set forth that it was the fraudulent intent or purpose of defts. Mowry or Smith, or either of them, under said transfers of property to hinder, delay and defraud the creditors of said Smith, deft., or either or any of them.

"9. The complainant does not state facts sufficient to constitute a cause of action.

"A suit in equity to remove a cloud from title is not the proper remedy where the only purpose is to try the legal title. The cause presented in this case and in this way shows that this proceeding is an attempt under the guise of a bill in equity to remove a cloud, to try the legal title to the premises.

"10.   That his bill does not, nor in the allegations thereof set out or disclose any fraud, or how or in what manner and in what particular or by what means fraud was practiced by said Smith or Mowry, or either of them to hinder, delay or defraud the creditors of said Smith by the conveyances of said real estate and the money on deposit in said Industrial Trust Company.

"11.   That his bill does not set out or allege what was the value of Smith's property at the time it was conveyed and transferred to said Mowry, or how much Smith was indebted at the time of the conveyances and transfers and that he owned no other property at the time and that the transfers were without consideration, or adequate consideration or that Smith had no other property.

"12.   That said bill alleges said Mowry was a preferred creditor of said Smith at the time the conveyances were made by said Smith, but does not allege how he was a preferred creditor or how much was owing said Mowry or how much Smith was owing at the time or that Mowry knew, or had reasonable cause to believe that the assets of said Smith at a fair valuation at the time of the conveyances and transfers of said estate and deposits were insufficient to pay Smith's creditors or that said conveyances and transfers were made to said Mowry as a preferred creditor."

The more material contentions of the respondent Mowry, as raised by his reasons of appeal, may be classified as follows: (1) That a bill in equity is not the proper form of remedy; (2) that the allegations of the bill are insufficient to make a case; (3) that the complainant is not the legal assignee of the respondent Smith; and (4) that the finding of the Superior Court was against the evidence.

The respondent Mowry attempts to maintain that the complainant cannot proceed in equity, the way being open (1) to him to recover possession of the property in question by an action at law, viz., trespass and ejectment.   The complainant must, however, in the discharge of his duty to the creditors, whom he represents, use all reasonable endeavors

to dispose of the property of the respondent Smith to the best advantage. That end can only be attained by placing himself in a position where he can offer to purchasers a good marketable title and one which will appeal to them as safe. To accomplish this, the complainant not only asks that the title may be found to be in him, as assignee, but that the respondent Mowry may be ordered to make certain conveyances and transfers thereof to him, including the money in the hands and possession of the Industrial Trust Company. Neither the conveyances of the real estate nor the transfer of the personal estate could be obtained by way of a suit in trespass and ejectment. We think that the complainant's right to bring a suit in equity is fully supported by the decision of this court in the case of *Belcher* v. *Arnold*, 14 R. I. 613, the jurisdiction of courts of law and equity being concurrent in cases of fraud.

(2) The contention of the respondents that the allegations of the complainant's bill are insufficient seems to us to be unfounded. The bill sets forth that certain transfers, conveyances, and assignments made by the respondent Smith to the respondent Mowry were made with an intent to hinder, delay, and defraud the creditors of the said Smith, and, further, that such transfers, conveyances, and assignments were made with the intention of preferring as an alleged creditor the said Mowry. The bill further states that the said respondent Mowry at the time of taking and receiving said transfers, conveyances, and assignments of said real estate and money, knew or had reasonable cause to believe the said Smith to be insolvent and acting in contemplation of insolvency and that the said transfers, conveyances, and assignments were made by the said Smith with intent to hinder, delay and defraud his creditors and also with intent to prefer him, the said Mowry, an alleged creditor. The language of the bill is ample in our opinion, and clearly states a case of fraud.

(3) The respondents claim that the complainant is not the legal assignee of the said respondent Smith because in the

citation to the creditors, notifying them of a meeting before the register in insolvency for the purpose of appointing or electing an assignee, said register was inadvertently and incorrectly referred to as a referee. The purpose of the meeting was plain and the error was so manifestly clerical and so incapable of misleading anybody that any contention about it is simply frivolous.

Upon the question as to whether there is sufficient evidence to support the decree of the Superior Court we find testimony that the respondent Smith was formerly a motorman without property, excepting a few personal effects; that he received from his father in February, 1902, the conveyance of a farm and that he subsequently acquired no further property with the exception of the bank account which he later transferred to the respondent Mowry; that in December, 1904, a suit was brought against the respondent Smith in which he obtained a judgment for costs; that in January, 1907, another suit was brought against the said respondent Smith in which judgment was entered for the plaintiff; that in the last mentioned suit an execution was issued in June, 1909, returned partially satisfied in October, 1909, and an alias execution for the balance of $4,358.18 was issued in December, 1909, in both of which suits the respondent Mowry was the attorney of the respondent Smith; that in September, 1909, Smith assigned to Mowry his bank account in the Industrial Trust Company and on the following day he conveyed to Mowry, by two deeds, the farm which he, the respondent Smith, had received from his father, these transfers being made prior to the time when the before mentioned execution was returned unsatisfied. These transfers to Mowry divested Smith of much the greater part of his estate and property. He had nothing remaining but a wood lot, which had cost him $60, some farming tools and cattle, subsequently sold by the complainant as assignee for some three hundred dollars, and about five dollars in cash. The respondent Smith, upon making the transfers to Mowry, did not relinquish the possession of the farm, but continued

to live thereon and use the same as before.   The respondent Smith pretends that he made these transfers to Mowry in payment of the latter's legal services, including his services in the two suits before referred to.   It appears, however, that no bill had ever been rendered for such services and that no receipt was given at the time when such pretended payment was made by the deeds and transfers of property; that the services rendered were much less in value than the value of the property conveyed; and that at the time of such transfers, Smith did not know the amount of Mowry's charge.

It would not be profitable, in view of the preceding, to further discuss the testimony.   It already sufficiently appears that the said transfers and conveyances to Mowry were made by the said Smith with the intent to hinder, delay, and defraud his creditors and that the said Mowry, at the time of taking said transfers and conveyances, from his long connection with Smith as his counsel, knew or had reason to believe that the said Smith was insolvent and that such transfers and conveyances were made by him with intent to hinder, delay, and defraud his creditors.

The appeal is dismissed, the decree of the Superior Court is affirmed, and the cause is remanded to said court for further proceedings.

*Irving Champlin, James Harris,* for complainant.

*Marquis D. L. Mowry,* for respondents, Mowry and Smith.